```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

LISA MARIE BOYCE,                )
                                 )   No. CV-10-5102-CI
          Plaintiff,             )
                                 )   ORDER DENYING PLAINTIFF'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner  )   MOTION FOR SUMMARY JUDGMENT
of Social Security,              )
                                 )
          Defendant.             )
                                 )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 16.) Attorney Thomas A. Bothwell represents Lisa Marie Boyce (Plaintiff); Special Assistant United States Attorney Kathy Reif represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on November 28, 2007. (Tr. 150.) She alleged disability due to fibromyalgia, sleep problems, and migraines. (Tr. 132.) Her claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 17, 2009, before ALJ R.S. Chester. (Tr. 33.) Plaintiff, who was represented by counsel, medical expert David

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Rubin, Ph.D., and vocational expert Daniel McKinney, Ed.D. (VE) testified. (Tr. 34.) The ALJ denied benefits on October 2, 2009, and the Appeals Council denied review. (Tr. 16-29, 1-5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 32 years old with a high school education. (Tr. 136.)  She lived with her spouse and three children.  Plaintiff reported she had not been employed full time in the past, but had worked part time as a patient care-giver.  (Tr. 292.)  She testified she cared for her children, did household chores, shopped, and attended her children's activities.  (Tr. 61-63.)  She stated she could not work due to pain and fatigue caused by her impairments. (Tr. 51-54.)

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date.  (Tr. 18.) At step two, he found Plaintiff had the severe impairments of fibromyalgia, sleep apnea, left shoulder injury, morbid obesity, migraine headaches, depression, and post-traumatic stress disorder. (*Id*.)  At step three, he found Plaintiff's impairments, alone and in

combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23. At step four he determined she had the residual functional capacity (RFC) to perform light work with the following restrictions:

> She can stand and/or walk 2 hours and sit 6 hours in an 8 hour day. She can occasionally climb ramps or stairs but should avoid climbing ladders, ropes, or scaffolds. She can occasionally engage in stooping, kneeling, crouching, or crawling. She can do occasional overhead reaching with the left upper extremity. She should avoid concentrated exposure to hazards such as machinery or heights. She is limited to simple, 3-step work.

(Tr. 24-25.) He found she had no past relevant work. (Tr. 27.) At step five, based on the RFC and VE testimony, the ALJ found there were unskilled jobs in the national economy that Plaintiff could perform. (Tr. 27-28.) He concluded Plaintiff was not disabled as defined by the Social Security Act. (Tr. 28.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) assessed her credibility; (2) rejected her treating mental health provider's opinions; (3) rejected medical expert testimony, and (4) relied upon vocational expert testimony based on an incomplete hypothetical. (ECF No. 14.) Defendant argues the ALJ's decision is supported by substantial evidence and without error and should be affirmed. (ECF No. 17.)

**DISCUSSION**

**A.   Credibility**

Plaintiff argues the ALJ improperly rejected her subjective

complaints when he did not identify the evidence that undermines her credibility. (ECF No. 14 at 16.)  When the ALJ finds a claimant's symptom allegations are not credible, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  If there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Once the ALJ has found a claimant's impairments could reasonably be expected to produce alleged symptoms, he must consider certain factors in determining credibility.

Among those factors are daily activities inconsistent with alleged complaints; inconsistencies between allegations and conduct, observations of physicians and third parties concerning the nature, severity, and effect of the alleged symptoms; and any unexplained failure to follow treatment recommendations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).  If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair* v. Bowen, 885 F.2d 587, 604 (9th Cir. 1999)("credibility determinations are the province of the ALJ").

Here, the ALJ summarized Plaintiff's symptom testimony in detail. (Tr. 25-26.) He specifically referenced her testimony that she was bedridden all day most days due to migraines, pain,

depression and fatigue; and that she had migraines 15 times a month. (Tr. 25.) In rejecting this level of incapacity, the ALJ referenced specific inconsistencies in the record. (Tr. 26.) He found her report of the following daily activities was not consistent with statement that she was in bed all day: taking care of three children; performing household chores over the course of the day; reading and working on the computer for hours at a time; doing puzzles; and attending appointments and the children's activities; and caring for her grandmother on a part time basis. *Id*. This is a "clear and convincing" reason to discount Plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1040.

Consistency with medical records is also an appropriate factor to consider. *Id*. The ALJ cited objective medical evidence from Plaintiff's orthopedic surgeon and her treating physician that contradict her allegations of debilitating headaches and shoulder pain. (Tr. 26, 200-209, 288.) He also considered inconsistencies between Plaintiff's testimony and observations by medical providers recorded in progress notes as a basis for his adverse credibility findings. For example, Plaintiff's treating physician Arthur Cain, M.D., reported her migraines were reasonably controlled with medication. (Tr. 26, 245.) This observation is also consistent with Plaintiff' own report to Dr. Cain that her migraines were decreasing. (Tr. 183.) Based on this evidence, the ALJ could reasonably find Plaintiff's testimony of disabling symptoms was not entirely credible. *See Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled with medication are not considered disabling). The ALJ found Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

treating physician acknowledged Plaintiff's application for disability insurance, but did not opine her condition precluded work. (Tr. 26.) A treating physician's evidence is properly given great weight. 20 C.F.R. § 416.927. The Commissioner's credibility findings are supported by substantial evidence and free of legal error.

**B.   Mental Health Therapist: "Other Source" Opinions**

Citing *Social Security Ruling* (*SSR*) 06-03p, Plaintiff argues the ALJ erred in rejecting the opinions of mental health therapist Amy Alvarado, MSW. (ECF No. 14 at 4.) The record contains a two-page letter from Ms. Alvarado dated March 26, 2009, in which she diagnosed Plaintiff with major depressive disorder and posttraumatic stress disorder and listed symptoms. (Tr. 277-78.) In a supplemental letter dated September 15, 2009, Ms. Alvarado describes Plaintiff's stress, fears, and anxiety symptoms. (Tr. 298-99.) The ALJ rejected Ms. Alvarado's opinions because she is not an acceptable medical source under the Regulations, her opinions were not supported by objective tests, and she relied exclusively on Plaintiff's self report. (Tr. 27.)

Ms. Alvarado is not an acceptable medical source and, therefore, she is not qualified to diagnose an impairment. 20 C.F.R. § 416.913(a),(d)(4); *SSR* 06-03p. However, her opinions regarding how Plaintiff's impairments affect her ability to work must be considered and may be rejected only with specific, "germane" reasons. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To the extent the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

ALJ was rejecting Ms. Alvarado's diagnoses,[1] the fact that she is not an acceptable medical source is an adequate reason to disregard her opinions as to diagnosis. However, this is not a germane reason to reject her separate opinions regarding Plaintiff's ability to perform work functions. 20 C.F.R. § 416.927(d)(5); *SSR* 06-03p ("*Other Sources*").

Consistent with factors listed in *SSR* 06-03p,[2] the ALJ properly considered the treatment relationship and whether Ms. Alvarado presented relevant evidence to support her opinion. He acknowledged Ms. Alvarado's treatment relationship, but rejected her conclusions because they were based entirely on Plaintiff's statements. (Tr. 27.) This is a specific, germane reason to reject a medical "other source" opinion. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(medical opinions based on subjective complaints can be rejected where credibility has been properly discounted). As

---

[1] Ms. Alvarado diagnosed major depressive disorder and post-traumatic stress disorder on March 26, 2009. (Tr. 277.) On August 6, 2009, based on objective testing, Dr. Lynn Orr diagnosed depressive disorder recurrent moderate, with post traumatic stress disorder features. (Tr. 296.) These acceptable medical source diagnoses were properly adopted by the ALJ at step two. (Tr. 18.)

[2] Those factors include the length and frequency of treatment relationship; the other source opinion's consistency with other evidence; relevant evidence presented by the other source to support her opinion; the source's specialty; how well the opinion is explained; and other factors "that tend to support or refute the opinion." *SSR* 06-03p.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

found by the ALJ, no testing or objective data was provided by Ms. Alvarado to support her opinions. The only clinic record submitted was an intake statement completed by Plaintiff. (Tr. 279-84.) Plaintiff's unreliable self-report is not sufficient to support Ms. Alvarado's conclusions. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)(claimant's lack of credibility germane to reject lay testimony based on claimant's subjective complaints).

Even assuming reasons given by the ALJ were not germane, Plaintiff fails to specify which of Ms. Alvarado's opinions were erroneously ignored and in what way the error caused harm. Without the requisite specificity and analysis supported by the record, Plaintiff has not met her burden to show prejudicial error. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009)(party seeking to reverse has the burden to explain harm in alleged error).

**C.   Testifying Medical Expert Opinions**

Plaintiff next argues the ALJ erred by rejecting "moderate" limitations due to pain and fatigue assessed by medical expert David Rubin, Ph.D. (ECF No. 14 at 14.) The ALJ gave significant weight to Dr. Rubin's testimony that Plaintiff is "capable in terms of intelligence, memory, and getting along with others," but would have moderate limitations due to pain and fatigue "related to her physical problems." (Tr. 27, 47, 314.) The ALJ discounted Dr. Rubin's "moderate limitation" on Plaintiff's ability to complete a normal workday due to physical symptoms of pain and fatigue (Tr. 48-49, 314), because he is an expert in psychology and his opinions on the effects of Plaintiff's physical limitations were not within his expertise. (Tr. 27.) This reason is specific and supported by the

Regulations and the medical record in its entirety.

The Regulations state that opinions of treating and examining physicians are given more weight than the opinions of non-examining medical sources. 20 C.F.R. § 416.927(c). If a medical source is a specialist, more weight is given to opinions about medical issues within his or her speciality. 20 C.F.R. § 416.927(d)(5). Thus, according to the Regulations, the ALJ properly rejected Dr. Rubin's opinions regarding Plaintiff's physical abilities. In addition, the record shows Plaintiff's treating physician reported Plaintiff's headaches were well-controlled with medication and did not opine symptoms from her other impairments precluded work. As noted by Dr. Rubin, the record shows Plaintiff was functioning "quite well," socially and cognitively. (Tr. 47.) She could care for her children and attend their athletic events and perform normal daily chores. (Tr. 23, 46.) The ALJ's specific rejection of Dr. Rubin's opinion regarding the effect of physical limitations is supported by substantial evidence.

In addition, the court can reasonably infer the ALJ did not disregard the effects of pain and fatigue caused by her physical condition, including obesity, by reading the ALJ's summary of the evidence, his credibility determination, and his RFC findings. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). The ALJ specifically modified Plaintiff's exertional level by limiting her to two hours of standing and walking in an eight-hour day and simple three-step work. He also included postural limitations to accommodate her physical impairments and attendant symptoms of pain and fatigue. (Tr. 24.)

**D.   Step Five: Hypothetical Question**

Plaintiff's argument that the ALJ failed to include all her limitations is without merit. (ECF No. 14 at 19-20.)  The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

As discussed above, the ALJ thoroughly summarized and evaluated evidence from acceptable medical sources and other sources, and properly assessed Plaintiff's credibility. (Tr. 18-23, 25-26.)  The final determination regarding Plaintiff's ability to perform basic work is the sole responsibility of the Commissioner, and no special significance may be given to a medical source opinion.  20 C.F.R. §§ 404.1527(e), .1546, 416.927(e), .946; *SSR* 96-5p.  The hypothetical relied upon by the VE reflects those limitations reasonably supported by the record and credible testimony.  (Tr. 64-65.) In addition, limitations due to pain and fatigue were addressed reasonably by the exertional and non-exertional restrictions propounded to the VE and included in the ALJ's final RFC determination. (Tr. 24.) Because the hypothetical presented at step five is a rational interpretation of the entire record and reflects the final RFC determination, the ALJ did not err in relying on VE testimony that there were jobs in significant numbers that Plaintiff could perform.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**;

2.   Defendant's Motion for Summary Judgment **(ECF No. 16)** is

1  **GRANTED;**

2     The District Court Executive is directed to file this Order and
3  provide a copy to counsel for Plaintiff and Defendant.  Judgment
4  shall be entered for Defendant, and the file shall be **CLOSED.**
5     DATED April 18, 2012.

7                    S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE